## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 11 2018, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Thomas B. O'Farrell
McClure / O'Farrell
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Laura R. Anderson
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Mickey Diaz,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 11, 2018

Court of Appeals Case No.
18A-CR-1165

Appeal from the Hamilton
Superior Court

The Honorable David K. Najjar,
Judge

Trial Court Cause No.
29D05-1706-CM-4285

**Baker, Judge.**

[1] Mickey Diaz appeals her conviction for Class A Misdemeanor Conversion,[1] arguing that the evidence is insufficient to support the conviction. Finding the evidence sufficient, we affirm.

## Facts

[2] On June 16, 2017, Gloria Jackson and her son went to Home Depot in Noblesville. After they had finished shopping, Jackson's son took their cart to the cart return without realizing that Jackson's purse was still in the cart.

[3] Diaz, her husband, and their two children had also been shopping at Home Depot. When Diaz returned their cart to the cart return, she found the purse in another cart, looked around, did not see anyone, and took the purse with her when she and her family left the store.

[4] Jackson and her son quickly realized that they had left Jackson's purse; they returned to Home Depot to retrieve it. Jackson went inside the store to see if anyone had turned in her purse, but no one had. Jackson's iPhone was in her purse; therefore, Jackson's son used the Find My iPhone application to locate and track the phone and the purse. They called the police, who began searching for the phone and the purse using the tracking information provided by Jackson's son.

---

[1] Ind. Code § 35-43-4-3(a).

[5] Initially, the iPhone was at a McDonald's in Cicero, but it then began traveling northbound on State Road 19 north of Cicero. Eventually, the officers began following Diaz's vehicle. They followed the vehicle into a subdivision and conducted a traffic stop.

[6] Hamilton County Sheriff's Deputy Jeff Wright approached Diaz, who was sitting in the passenger seat, and asked for her identification. When Diaz picked up her purse to retrieve her identification, Deputy Wright noticed a second purse matching the description of Jackson's purse sitting partially under Diaz's seat. Deputy Wright asked Diaz if the purse was hers, and Diaz responded that it belonged to a friend and that she was taking the purse to her friend at a middle school. The deputy asked Diaz if he looked inside that purse whether he would find identification belonging to her friend.

[7] At that point, Diaz stated that she found the purse in a shopping cart at Home Depot and planned to turn it in to the owner when she had time. Diaz claimed that she was running late in getting her two children to school. She stated that her husband was abusive, that she was scared of him, and that she was scared to tell him at Home Depot that she had picked up the purse because they were already running late to take the children to school. Another deputy asked Diaz why, if they were in such a hurry, they had stopped at McDonald's, driven into a subdivision, and failed to take the most direct route to the school. Diaz responded that they had stopped at McDonald's because she was thirsty. Jackson responded to the traffic stop, identified the purse as hers, and verified that nothing had been taken from the purse.

On June 22, 2017, the State charged Diaz with Class A misdemeanor conversion. At the conclusion of Diaz's April 19, 2018, bench trial, the trial court found her guilty as charged, imposing a sentence of court costs totaling $185. Diaz now appeals.

## Discussion and Decision

Diaz argues that the evidence is insufficient to support her conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

To convict Diaz of Class A misdemeanor conversion, the State was required to prove beyond a reasonable doubt that she knowingly or intentionally exerted unauthorized control over Jackson's property. I.C. § 35-43-4-3(a).[2] Diaz argues, essentially, that the evidence does not support a conclusion that she acted with the requisite intent to commit the crime.

---

[2] Diaz complains that the language of the conversion statute renders it a strict liability crime. We disagree, as it requires knowing and intentional conduct, but even if we disagreed, it is for the General Assembly rather than for the judiciary to consider whether statutory language should be amended.

[11] Diaz emphasizes the evidence in the record that her husband has been abusive to her in the past and that her fear of him is what kept her from returning the purse to the store immediately. She claims that she always intended to return the purse to the store but was just unable to do so immediately.[3]

[12] These arguments, however, amount to a request that we reweigh the evidence, which we may not do. It is undisputed that Diaz took the purse, knowing that it did not belong to her and that she did not have permission to do so. Diaz claims that the reason she did not immediately return the purse was because she was afraid of her husband's reaction given that they were allegedly running late to take their children to school. But after they left the store, they went to McDonald's because Diaz was thirsty and then drove to a subdivision, rather than driving immediately to school from Home Depot. Moreover, when asked by a deputy about Jackson's purse, Diaz lied, claiming that it belonged to a friend to whom she was taking it. These inconsistencies and shifting explanations support the trial court's conclusion that Diaz knowingly and intentionally exerted unauthorized control over Jackson's property.[4]

---

[3] Diaz directs our attention to a statute providing that "[a] person who receives, retains, or disposes of personal property *that has been the subject of theft* with the purpose of restoring it to the owner, does not commit a crime under this chapter." Ind. Code § 35-43-4-5(d) (emphasis added). This defense does not apply to this case because Jackson's property had not been the subject of theft when Diaz took it. Moreover, as noted above, a reasonable factfinder could conclude from the evidence that Diaz did not intend to restore the property to Jackson.

[4] Diaz directs our attention to certain comments made by the trial court at the close of the bench trial. It is well established, however, that "the focus of our inquiry is not upon the remarks the trial court makes in a bench trial after having reached the conclusion that a defendant is guilty. Rather the question is whether the

[13]     The judgment of the trial court is affirmed.

         May, J., and Robb, J., concur.

---

evidence presented to the trial court as fact-finder was sufficient to sustain the conviction." *Dozier v. State*, 709 N.E.2d 27, 30 (Ind. Ct. App. 1999).